UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JAMIE LYNN WHITTEN, #397038         )
                                    )
v.                                  )        NO. 2:11-CV-214
                                    )        *Mattice/Carter*
ROBERT H. MONTGOMERY, JR.;          )
WILLIAM B. HARPER                   )

### **MEMORANDUM**

Using a form complaint which is intended to be used for filing a civil rights action under 42 U.S.C. § 1983, and proceeding *pro se,* Sullivan County Detention Center inmate Jamie Lynn Whitten alleging that his rights have been violated. More specifically, he contends that the two defendants—one the state court judge who presided over his state criminal proceedings and the other the District Attorney who prosecuted him in those proceedings—have amended his state criminal judgments outside his presence or the presence of an attorney acting on his behalf. The original judgments, Mr. Whitten claims, stated four years of confinement and the amended one stated that the term was six years.

In the relief section of his complaint, Mr. Whitten asks this Court to force the state court to abide by the original judgments in his cases. If that is done, he takes the position that his prison sentence will have expired. Mr. Whitten would then ask the Court to order his immediate release from custody and to apply any extra amount of

time he has served on these sentences to the next sentence he is to serve in Case No. 57,222. According to Mr. Whitten's calculations, he has served 1817 days (with good time and trusty work credits) on a four-year sentence.

Because the allegations regarding Mr. Whitten's illegal detention relate directly to the fact and duration of his physical confinement, his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). The Court may and will treat the complaint as a habeas corpus petition, given the liberal standard of review for *pro se* complaints. *See Haines v. Kerner*, 404 U.S. 519 (1972); *see also Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize it in order to place it within a different legal category . . . to create a better correspondence between the substance of a *pro se* motion and its underlying legal basis.") (all citations omitted). However, there is a major problem with the petition, which calls it to be dismissed *sua sponte*.

It must be clear on the face of a petition that a petitioner has exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to

2

show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Mr. Whitten does not indicate that he has sought any type of remedy in the state court. Indeed, the issues presented in the instant pleading appear to have arisen only on June 28, 2011, when the sentencing staff was verifying that Mr. Whitten's "time [had been] flat[tened]." (Compl. at 3). Tennessee law, however, permits a prisoner to file a habeas corpus petition in its courts to challenge a judgment, which on its face is void because the court lacked jurisdiction or authority to render the judgment or because his sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Mr. Whitten's ground for relief is the third one—that his sentence has expired pursuant to his original judgment.

Under 28 U.S.C. § 2254(c), a petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." Because it is clear that the state courts are available and because the issues raised in the federal pleadings may be offered to those courts in state collateral proceedings, Mr. Whitten has not borne his burden of establishing that he has exhausted all available state court remedies. Thus, the petition is subject to *sua sponte* dismissal without prejudice. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the

3

Case 2:11-cv-00214-HSM-WBC   Document 2   Filed 07/25/11   Page 3 of 4   PageID #: 15

prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted)

Thus, for this reason, Mr. Whitten's case will be **DISMISSED** without prejudice for failure to exhaust his state remedies.

Finally, after reviewing the claims under the appropriate standards in *Slack v. McDaniel,* 529 U.S. 473 (2000), the Court finds that Mr. Whitten has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would they find debatable or wrong the Court's conclusion that exhaustion has not occurred. *See id*; *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A judgment order will enter.

**ENTER**:

/s/Harry S. Mattice, Jr.
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE